UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUDAHARINKA BANGAMWABU,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26cv782 DRL-SJF

OPINION AND ORDER

Immigration detainee Mudaharinka Bangamwabu filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. The respondent answered the petition, and Mr. Bangamwabu filed a reply. The petition is ready to be decided.

Mr. Bangamwabu is a citizen of the Democratic Republic of Congo who entered the United States as a refugee in June 2022. On June 13, 2024, he was convicted of strangulation and battery in Wisconsin. On October 28, 2025, an immigration judge ordered him removed to the Democratic Republic of Congo but deferred his removal under the Convention against Torture. He is currently held at the Miami Correctional Facility.

Since the issuance of the removal order, the government has sought to remove Mr. Bangamwabu to countries other than the Democratic Republic of Congo. On April 3, 2026, the government submitted a request for acceptance of Mr. Bangamwabu to Zambia. On April 11, 2026, the government submitted a request to Zimbabwe. And, on April 18, 2026,

the government submitted a request to Tanzania. As of June 11, 2026, the government has not received a response from these countries, but it remains early.

The respondent argues that the court lacks subject matter jurisdiction over Mr. Bangamwabu's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). The court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For reasons given before, jurisdiction is secure insofar as this opinion goes. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.).

Turning to the merits, 8 U.S.C. § 1231(a)(6) gives the government the authority to detain a noncitizen while it effectuates a removal order. All noncitizens must be detained for a 90-day "removal period," which for Mr. Bangamwabu ended in January 2026. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[1] The Warden relies on § 1231(a)(6) as the basis for his current detention.

---

[1] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To avoid a constitutional due process problem with § 1231(a)(6), and specific to a noncitizen who is present within this country and who is ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

Any § 1231(a)(6) detention of a present-but-ordered-removed noncitizen has this limitation, as it guards against the possibility that he might be indefinitely detained should his removal not be reasonably achievable. Indefinite detention would raise a serious constitutional problem. *Id.* at 690; *see also Clark v. Suarez Martinez*, 543 U.S. 371, 378 (2005) (same). In short, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.

The historic writ of habeas corpus grants a federal court the authority to review a noncitizen's detention and to decide independently whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *Id.*; *see also* 28 U.S.C. § 2241(c)(3). "In answering that basic question, the habeas court must ask whether detention exceeds a period reasonably necessary to secure removal" and "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Zadvydas*, 533

U.S. at 699. When removal proves reasonably foreseeable, the court can consider other factors (such as risk of crime) and often will deny habeas relief; whereas, when removal seems attenuated or unlikely, the court will order the individual's release, albeit conditioned on appropriate terms of supervision and the noncitizen's compliance with these terms. *See id.* at 699-700. After all, the choice isn't between detention and a noncitizen "living at large," but between detention and a noncitizen's supervised release on conditions that he cannot violate. *Id.* at 696.

The law materially defers difficult judgments to the Executive Branch for a six-month period during which detention is considered presumptively reasonable to execute removal. *Id.* at 700-01. Even after, the court listens with care when the government's "foreign policy judgments"—such as the status of repatriation negotiations— are implicated and otherwise affords "appropriate leeway when its judgments rest upon foreign policy expertise." *Id.* at 700. A noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Once he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

The petitioner bears the initial burden, and the court sees no reason today to alter this. *See* 28 U.S.C. § 2241; *Zadvydas*, 533 U.S. at 700; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

Mr. Bangamwabu has not met his initial burden of showing his removal will not occur in the reasonably foreseeable future. Though he might have demonstrated that he will

not be removed to the Democratic Republic of Congo because of the order deferring removal, he does not adequately address the government's efforts to remove him to other countries, all measurably underway. The government submitted requests to Zambia, Zimbabwe, and Tanzania in April 2026. Mr. Banganwabu notes that these countries have not responded after three months, but this period of time alone does not sufficiently suggest that no responses are forthcoming, that they are well beyond a reasonable turnaround, or that the government's efforts to remove him to these countries will be unsuccessful.

Mr. Bangamwabu further argues that the government has detained him for six months before taking meaningful steps to execute his removal. Though this argument might present a legitimate concern in some other case—after all, as the period of confinement grows, what qualifies as a reasonably foreseeable future conversely must shrink, *see Zadvydas*, 533 U.S. at 701—the court largely assesses the likelihood of removal and its reasonable foreseeability by looking to circumstances now and in the future. From this perspective, the court cannot say Mr. Bangamwabu has met his burden of showing that his detention will be indefinite or showing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

For these reasons, the court:

(1) DENIES the petition for writ of habeas corpus [2]; and

(2) ORDERS the clerk to enter judgment and close this case.

SO ORDERED.

July 14, 2026                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court

5